**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON**

**DEMETRIUS DESEAN THOMAS,**

    **Movant,**

v.                                                                            **Case No. 3:16-cv-02049**
                                                                              **Case No. 3:14-cr-00045**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

      Pending before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 83), his Letter-Form Motion to Amend/Correct Section 2255 Motion (ECF No. 86), his Motion for Relief under the Johnson/Welch Cases as to the Armed Career Criminal Act (ECF No. 90), his Supplement to Motion to Vacate Conviction § 2255 (ECF No. 92), and his Motion for Leave to Amend (ECF No. 105). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

      On February 25, 2014, Movant Demetrius Desean Thomas (hereinafter "Defendant"), was named in an indictment charging various controlled substance offenses. (ECF No. 16). Throughout his district court proceedings, Defendant was represented by court-appointed counsel, Sebastian M. Joy.

On May 5, 2014, Defendant executed a written plea agreement in which he agreed to plead guilty to one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), as stated in Count Seven of the indictment. (ECF No. 43). As noted by Respondent, the written plea agreement contained an express waiver by Defendant of his right to appellate review of his conviction and his sentence, so long as the sentence did not exceed the maximum statutory penalty prescribed by law, and a waiver of post-conviction collateral attack, except for any claim based upon ineffective assistance of counsel. (*Id.* at 4-5, ¶ 10). The plea agreement also included the following acknowledgement:

> I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this six-page agreement that I have read and carefully discussed every part of it with my attorney, and that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

(*Id.* at 7). The plea agreement also contained a stipulation of facts in which Defendant acknowledged that he knowingly and intentionally sold quantities of heroin, which was sufficient to support the charge in the indictment. (*Id.* at 3-4 (¶ 9) and 8, Ex. A). Defendant signed and initialed each page of the plea agreement and initialed each page of the stipulation of facts as well. (*Id.* at 1-9).

On May 5, 2014, Defendant pled guilty, in accordance with the written plea agreement, to the charge in the indictment. (ECF Nos. 39-43, 46). The district court conducted a thorough plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure, including receiving Defendant's own factual basis for his guilty plea, the government's proffer of evidence to support the essential elements of the crime set

forth in the indictment (which included the testimony of one of the investigating officers),[1] and Defendant's acknowledgement of the rights he was waiving and his satisfaction with his attorney's representation. (ECF No. 66, Plea Hrg. Tr., *passim*).

The district court specifically discussed with Defendant the appellate and collateral attack waivers. (*Id.* at 32-33). Defendant acknowledged that he understood the effects of the waiver provision and the effect of his guilty plea. (*Id.*) Defendant also acknowledged that the stipulation of facts could be used against him to support the guilty plea and at sentencing, and even at a trial. (*Id.* at 32).

On August 4, 2014, Defendant appeared for sentencing. The district court determined that Defendant's total offense level under the United States Sentencing Guidelines ("USSG") was 29, with a criminal history category of VI, yielding a guideline range of 151-188 months of imprisonment. This calculation included an enhancement under USSG § 4B1.1 after the district court found that Defendant qualified as a career offender based upon two prior controlled substance offenses. (ECF No. 68 at 4-5).

However, the district court varied downward from the guideline range and sentenced Defendant to 120 months of imprisonment, followed by a three-year term of supervised release. (*Id.* at 17-18). A Judgment to that effect was entered on May 5, 2014. (ECF No. 53).

Defendant appealed to the United States Court of Appeals for the Fourth Circuit. However, his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he believed there were no meritorious claims for relief. Defendant filed a pro se supplemental brief in which he asserted that his guilty plea was not knowing and

---

[1] Defendant further acknowledged that the testimony of the arresting officer was substantially correct. (ECF No. 66 at 26).

voluntary, that his sentence was not reasonable, that he was improperly designated as a career offender, and that his counsel provided ineffective assistance of counsel.

On February 24, 2015, the Fourth Circuit affirmed Defendant's conviction and sentence. *United States v. Thomas*, No. 14-4656, (4th Cir. Feb. 24, 2015). The Court specifically found that Defendant's guilty plea satisfied Rule 11 of the Federal Rules of Criminal Procedure and was knowing, voluntary, and supported by a sufficient factual basis. The Court further found that Defendant's sentence was reasonable. However, the Court declined to address Defendant's claims of ineffective assistance of counsel, finding that such claims were better suited for review in a section 2255 motion.

On November 25, 2015, the district court denied Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (which retroactively lowered the base offense levels for drug offenses as of November 1, 2014). (ECF No. 79).

On March 3, 2016, Defendant, acting *pro se*, filed the instant section 2255 motion (ECF No. 83), asserting the following grounds for relief:

> **Ground One**: Ineffective assistance of counsel during plea negotiation/hearing
>
> Movant first signed a plea with a statue [sic; statutory sentencing range] of 0-30 years on April 28, 2014 which was later changed (May 5, 2014) to a statue [sic; statutory sentencing range] of 0-20 years. Movant was told this change came about because a deal had been reached with the prosecutor and career offender enhancement would not be sought after. Also counsel gave Movant the plea agreement moments before the plea hearing, without sufficient time to understand and digest plea agreement. Movant can't knowingly and intelligently enter into it. Also if Movant signed plea under false information from counsel, Movant was coerced and did not knowingly and willingly enter into plea agreement.
>
> **Ground Two:** Ineffective assistance of counsel during sentence

4

> During sentencing counsel failed to argue Movant's addiction to heroin so that Sentencing Judge could factor that into his Judgment, a fact that counsel later alleged he argued during sentencing in his "Anders Brief." Also counsel failed to argue during sentencing that the government failed to file an "851 information" against Movant which is required by law when career offender is applied.

(ECF No. 82 at 4-5).

On March 7, 2016, Defendant filed a Letter-Form Motion to Change or Amend Section 2255 Motion. (ECF No. 86). However, the motion did not include any amendments or additional grounds for relief. Rather, the motion simply stated that Defendant was being housed in the Special Housing Unit ("SHU") at FCI Gilmer and did not have access to the law library and materials to file additional claims. Thus, he sought leave to amend his motion once he was returned to the general population.

On May 16, 2016, Defendant filed a Motion for Relief under the Johnson/Welch Cases as to the Armed Career Criminal Act and Motion to Stay § 2255 Proceeding. (ECF No. 90). On May 17, 2016, the presiding District Judge granted Defendant's Motion to Stay and directed that Defendant's amended pleading be filed on or before June 7, 2016. (ECF No. 91).

On June 20, 2016, the Clerk received and docketed a Supplement to Motion to Vacate Sentence § 2255 (ECF No. 92), in which Defendant raised an additional claim that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). On June 23, 2016, the presiding District Judge entered an Order lifting the stay in this matter. (ECF No. 93).

On May 22, 2018, Defendant filed another Motion to Amend his section 2255 motion. (ECF No. 105). In that motion to amend, Defendant asserts that his sentence is improper because his prior West Virginia conviction for conspiracy to possess with intent

5

to deliver a controlled substance cannot count as a predicate offense for the career offender enhancement because it is broader than the definition of a "controlled substance offense" contained in USSG § 4B1.2. (*Id.* at 1).

Because it is apparent from the face of Defendant's filings that he is not entitled to any relief under section 2255, the undersigned has not required the United States of America to file a response herein.

## ANALYSIS

### A.　　Defendant's claims of ineffective assistance of counsel.

Defendant's initial section 2255 motion was timely filed under 28 U.S.C. § 2255(f)(1), as it was filed within one year of his Judgment becoming final. The initial motion raises two claims of ineffective assistance of counsel by Defendant's court-appointed counsel, Sebastian M. Joy.

The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690. This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). As noted by Respondent, "[t]he question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 88. (ECF No. 113 at 6).

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. *Id.* at 697. Using this standard, the undersigned will address each claim of ineffective assistance of counsel asserted by Defendant.

### *Ineffective assistance of counsel during plea stage*

In Ground One of his section 2255 motion, Defendant asserts that he was coerced to enter into a plea agreement under the false pretenses that the prosecutor would not seek the career offender enhancement and, thus, his plea was not knowing and voluntary, and Mr. Joy provided ineffective assistance of counsel in the plea process.

In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court reiterated that the Sixth Amendment right to effective assistance of counsel applies during the plea negotiation stage of the criminal process. The Court confirmed that, "[i]n the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Id.* at 163. Thus, a defendant who pled guilty must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have

7

pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Furthermore, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992); *see also Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001) ("absent clear and convincing evidence to the contrary," defendant is bound by statements made under oath at Rule 11 hearing).

As discussed in greater detail, *supra*, the plea colloquy herein demonstrates that Defendant was fully aware of the terms and conditions of the plea agreement and his guilty plea, and he acknowledged that he was knowingly and voluntarily entering into the same. Defendant further acknowledged that he was fully satisfied with the performance and assistance of his counsel, and he has not demonstrated, by clear and convincing evidence, that he should not be bound by those representations. Such representations include his specific acknowledgement that he understood the effect of his guilty plea and the appellate and collateral attack waivers contained in his written plea agreement. (ECF No. 68, *passim*)

In *United States v. LeMaster*, 403 F.3d 216, 221 (4th Cir. 2005), the Fourth Circuit held that, absent extraordinary circumstances, a district court is not required to conduct an evidentiary hearing concerning a challenge to a guilty plea, where the defendant's allegations contradict the defendant's sworn statements made during a proper Rule 11 colloquy. *Id.* Rather, the district court may find that such allegations are "palpably incredible" and "patently frivolous and false." *Id.* In the instant matter, the Fourth Circuit previously found that Defendant's plea colloquy complied with Rule 11 of the Federal Rules of Criminal Procedure, and that his guilty plea was knowing and voluntary and supported by a sufficient factual basis.

The undersigned first proposes that the presiding District Judge **FIND** that Defendant's guilty plea was knowing and voluntary and that his allegations of ineffective assistance of counsel during the plea stage of his proceedings are directly contradicted by his sworn statements during his plea colloquy, the truth of which are conclusively established. Thus, Defendant's claim that his guilty plea was not knowing and voluntary lacks merit.

Ground One of Defendant's section 2255 motion asserts that he initially entered into a plea agreement on April 28, 2014, which stated that he was exposed to a statutory sentencing range of 0-30 years. However, on May 5, 2014 (the date of his plea hearing), he executed another plea agreement in which he agreed to plead guilty to one count of distribution of heroin, which exposed him to a statutory sentencing range of 0-20 years. It is apparent that the parties agreed that the government would not file an information under 21 U.S.C. § 851, which would have exposed Defendant to the increased statutory maximum.[2] However, Defendant is confusing the procedure required for the statutory enhancement with the career offender enhancement provision provided for in the sentencing guidelines.[3]

---

[2] Normally, pursuant to 21 U.S.C. § 841(b)(1)(C), Defendant would have been exposed to a statutory sentencing range of 0-20 years in prison. However, that statute further provides that, where a defendant has been convicted of a prior felony drug offense, the statutory maximum increases to 30 years. 21 U.S.C. § 851 sets forth the procedure required to establish that the defendant has been convicted of a prior felony drug offense.

[3] Section 4B1.1 of the United States Sentencing Guidelines provides for an enhancement of a defendant's offense level under the Guidelines where the following criteria are met: (1) the defendant was at least 18 years old at the time of the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense (which are separately defined in section 4B1.2 of the Guidelines); and (3) the defendant has at least two prior felony convictions that are either crimes of violence or controlled substance offenses. Beyond determining the statutory maximum within which a defendant must be sentenced, section 851 has no bearing on the application of the career offender enhancement.

Ground One of Defendant's section 2255 motion further asserts that the change in his plea agreement came about because a deal had been reached by which the prosecutor would not seek the career offender enhancement. However, it appears that what the prosecutor actually agreed to was not to file a section 851 enhancement to seek the increased statutory maximum of 30 years; whereas, the imposition of the career offender enhancement under the Guidelines was entirely within the discretion of the presiding District Judge at sentencing. As further addressed below, while Mr. Joy unsuccessfully objected to the imposition of the career offender enhancement, but he successfully argued for a downward variance from the applicable Guideline sentencing range.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has not established a Sixth Amendment violation based upon Mr. Joy's conduct during the plea process. Therefore, he is not entitled to any relief on Ground One of his section 2255 motion.

*Ineffective assistance of counsel at sentencing*

In Ground Two of his section 2255 motion, as elaborated upon in his Supplemental Motion (ECF No. 92), Defendant contends that Mr. Joy also provided ineffective assistance of counsel at his sentencing because he failed to object to the imposition of the career offender enhancement despite the government's failure to file a section 851 information, and because he failed to argue that Defendant's addiction to heroin should be taken into consideration in determining his sentence.

As noted above, an information under 21 U.S.C. § 851 is not necessary for the district court to impose the career offender guideline enhancement. Consequently, Defendant's claim in Ground Two that Mr. Joy provided ineffective assistance of counsel because he failed to object at sentencing to the government's failure to file a § 851

10

information before the career offender enhancement was applied lacks merit. Mr. Joy objected to the imposition of the career offender enhancement and argued that its application in Defendant's case was unduly harsh. Defendant can show neither that Mr. Joy's conduct fell below an objective standard of reasonableness on this basis, or that Defendant suffered undue prejudice therefrom.

Furthermore, while it does not appear that Mr. Joy specifically addressed Defendant's addiction during the sentencing hearing, he did address it in his Sentencing Memorandum and, based upon the overall record, it does not appear that any such argument would have affected the Defendant's sentence, as he was otherwise granted a downward variance. Thus, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not established a violation of his Sixth Amendment rights due to Mr. Joy's conduct in relation to the sentencing hearing. Therefore, he is not entitled to any relief on Ground Two of his section 2255 motion or his Supplemental Motion.

### B. Defendant is not entitled to any relief under *Johnson*.

Defendant's Motion for Relief under the *Johnson/Welch* Cases (ECF No. 90) and his Supplemental Motion to Vacate Sentence (ECF No. 92) assert that Defendant is entitled to relief under section 2255 in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (*"Johnson"*), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[4] *Johnson* was held to be retroactively applicable on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).

---

[4] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§

Defendant was not sentenced under the ACCA. Rather, he pled guilty to a controlled substance offense and received an enhancement under the career offender provision contained in USSG §§ 4B1.1 and 4B1.2, which has a similar residual clause to the ACCA. However, Defendant's two prior felony convictions serving as the predicate offenses for his career offender enhancement were controlled substance offenses upon which the decision in *Johnson* has no bearing.

Additionally, the issue of *Johnson*'s application to challenges of enhancements under the Guidelines has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA[,] . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

---

922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable . . . by imprisonment for a term exceeding one year . . . that

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

Therefore, in light of *Beckles*, any argument that the holding in *Johnson* also invalidates any portion of the United States Sentencing Guidelines as being void for vagueness lacks merit. *See also United States v. Brown*, 868 F.3d 297 (4th Cir. 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause).

Moreover, Defendant waived any collateral attack, unless it was based on ineffective assistance of counsel, which is not the basis for this claim. Thus, this specific claim is waived. Finally, because *Johnson* is inapplicable to Defendant's claims, this amended claim is otherwise untimely, as it was filed more than one year after his Judgment became final. *See* 28 U.S.C. § 2255(f)(1). Accordingly, Defendant's Motion for Relief under the *Johnson/Welch* Cases (ECF No. 90) and his Supplemental Motion to Vacate Sentence (ECF No. 92) should be denied.

### C. Defendant's proposed amendment challenging the use of his prior conspiracy conviction as a predicate offense is untimely and waived by his plea agreement.

In his Motion for Leave to Amend 28 U.S.C. § 2255 Instanter (ECF No. 105), Defendant asserts that his prior West Virginia conviction for conspiracy to possess with intent to distribute a controlled substance cannot count as a predicate offense for the career offender enhancement because that offense is broader than the definition of a "controlled substance offense" contained in USSG § 4B1.2(b). Defendant's motion relies upon a decision by the United States Court of Appeals for the Fifth Circuit in *United States v. Hinkle*, 832 F.3d 569, 575-76 (5th Cir. 2016), which addressed, on direct appeal, the proper application of the categorical approach when determining whether a prior Texas drug conviction was a predicate offense for the career offender guideline enhancement and found that the Texas offense was broader than the guideline definition.

This claim is likewise untimely and barred by the waiver provision in Defendant's plea agreement. To the extent that Defendant is relying on a non-binding procedural decision from another Circuit Court, his claim does not meet the requirements of 28 U.S.C. § 2255(f)(3) in order to be considered a timely claim. Nor does this claim relate back to the claims contained in Defendant's initial section 2255 motion in order to be considered a timely amendment. Moreover, because this claim is not a claim of ineffective assistance of counsel, it is barred by the collateral review waiver provision contained in Defendant's knowing and voluntary plea agreement.

For all of these reasons, Defendant's Motion for Leave to Amend 28 U.S.C. § 2255 Instanter (ECF No. 105) fails to state a viable claim for relief and that motion should be denied.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 83), his Letter-Firm Motion to Amend/Correct Section 2255 Motion (ECF No. 86), his Motion for Relief under the Johnson/Welch Cases as to the Armed Career Criminal Act (ECF No. 90), his Supplement to Motion to Vacate Conviction § 2255 (ECF No. 92), and his Motion for Leave to Amend (ECF No. 105), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the

Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Chambers.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

January 14, 2019

Dwane L. Tinsley
United States Magistrate Judge