# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:14-00045
    CIVIL ACTION NO. 3:16-02049

DEMETRIUS D. THOMAS

## MEMORANDUM OPINION AND ORDER

Pending before this Court are Defendant's four related motions: his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 83), his Motion to Amend his § 2255 Motion (ECF No. 86), his first Amendment to his § 2255 Motion (ECF No. 92), and his second Amendment to his § 2255 Motion (ECF No. 105).

Pursuant to an Order issued on March 7, 2016, this action was referred to United States Magistrate Judge Dwane L. Tinsley for proposed findings of fact and recommendation for disposition. ECF No. 84. On January 14, 2019, the Magistrate Judge submitted proposed findings and recommended that this Court deny Defendant's motions and dismiss this civil action from the Court's docket. *Proposed Findings and Recommendation*, ECF No. 108, at 14. Defendant now objects to the findings and recommendation. *Objections to Proposed Findings and Recommendations*, ECF No. 109 [hereinafter *Objections*]. For the reasons below, the Court adopts the proposed findings and recommendations of Magistrate Judge Tinsley, denies Defendant's motions, and dismisses this action from the Court's docket.

## I. BACKGROUND

### A. Plea and Sentencing

On February 25, 2014, Defendant Demetrius Thomas was named in an indictment charging various controlled substance offenses. *Indictment*, ECF No. 16. Throughout his district court proceedings, Defendant was represented by court-appointed counsel, Sebastian M. Joy. *See Transcript*, ECF Nos. 66, 68.

On May 5, 2014, Defendant entered into a written plea agreement in which he pleaded guilty to one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). *Agreement*, ECF No. 43. In the written plea agreement Defendant expressly waived his right to appellate review of his conviction and his sentence—so long as the sentence did not exceed the maximum statutory penalty prescribed by law—and waived his right to a post-conviction collateral attack—except for any claim based upon ineffective assistance of counsel. *Id.* at ¶ 10.

On May 5, 2014, Defendant pleaded guilty, in accordance with the written plea agreement, to the charge in the indictment. ECF Nos. 39, 42, 46. This Court conducted a thorough plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure, including receiving Defendant's acknowledgement of the rights he was waiving and his satisfaction with his attorney's representation. *Transcript*, ECF No. 66, at 7. Additionally, this Court specifically discussed with Defendant the appellate and collateral attack waivers, and Defendant acknowledged that he understood the effects of the waiver provision and the effect of his guilty plea. *Id.* at 11–12.

On August 4, 2014, Defendant appeared for sentencing. *Transcript*, ECF No. 68. This Court determined that Defendant's total offense level under the United States Sentencing Guidelines was 29, with a criminal history category of VI, yielding a guideline range of 151-188

months of imprisonment. *Id.* at 5. This calculation included an enhancement under U.S.S.G. § 4B1.1 after this Court found that Defendant qualified as a career offender based upon two prior controlled substance offenses. *Id.* at 4–5. However, this Court varied downward from the guideline range and sentenced Defendant to 120 months of imprisonment, followed by supervised release for three years. *Id.* at 17–19. A Judgment was entered on August 6, 2014. ECF No. 53.

**B. Appeal**

Defendant then appealed to the United States Court of Appeals for the Fourth Circuit. ECF Nos. 59, 62. However, his attorney, Mr. Joy, filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he believed there were no meritorious grounds for appeal, but questioning whether the sentence was reasonable. *Opinion*, ECF No. 72, at 2. Defendant filed a pro se supplemental brief in which he asserted the following: (1) his guilty plea was not knowing and voluntary; (2) his sentence was not reasonable; (3) he was improperly designated as a career offender; and (4) his counsel provided ineffective assistance of counsel. *Id.*

On February 24, 2015, the Fourth Circuit affirmed Defendant's conviction and sentence. *United States v. Thomas*, No. 14-4656, (4th Cir. Feb. 24, 2015). The Court held that Defendant's guilty plea satisfied Rule 11 of the Federal Rules of Criminal Procedure and was knowing, voluntary, and supported by a sufficient factual basis. *Opinion*, at 2–3. The Court also found that Defendant's sentence was reasonable. *Id.* at 3. However, the Court declined to address Defendant's claims of ineffective assistance of counsel, finding that because there was no evidence of ineffective assistance of counsel on the face of the record, the claim was better suited for review in a § 2255 motion. *Id.* at 5.

**C. Motion to Vacate Arguments**

   *1. Original Motion*

On March 3, 2016, Defendant, acting *pro se*, filed his first motion—a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 83. In the motion, Defendant asserts the following two grounds for relief: (1) ineffective assistance of counsel during plea negotiation/hearing, and (2) ineffective assistance of counsel during sentencing. *Id.* at 4–5.

   *2. Motion to Amend*

On March 7, 2016, Defendant filed a Letter-Form Motion to Change or Amend his § 2255 Motion. ECF No. 86. However, the motion did not include any amendments or additional grounds for relief, but merely stated that Defendant did not have access to the law library and materials to file additional claims. *See id.* Thus, he sought leave to amend his motion once he was returned to the general population. *See id.*

   *3. First Amendment to Motion to Vacate*

On June 20, 2016, Defendant filed a Supplement to Motion to Vacate Sentence § 2255. ECF No. 92. In this motion, Defendant raises an additional claim that he is entitled to have his judgment set aside pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* at 1.

   *4. Second Amendment to Motion to Vacate*

On May 22, 2018, Defendant filed a second Motion to Amend his § 2255 Motion. ECF No. 105. In this motion to amend, Defendant asserts that his sentence is improper because his prior West Virginia conviction for conspiracy to possess with intent to deliver a controlled substance cannot count as a predicate offense for the career offender enhancement, because it is broader than the definition of a "controlled substance offense" contained in U.S.S.G. § 4B1.2. *See id.* at 1.

Because the Magistrate Judge found that it is apparent from the face of Defendant's motions that he is not entitled to any relief under § 2255, the United States of America was not required to file a response to any of the motions. *Proposed Findings and Recommendation*, at 6.

## II. STANDARD OF REVIEW

This Court must "make a *de novo* determination of those portions of the ... [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see e.g.*, *Berry v. Colvin*, No. 14-9859, 2015 WL 1506128, at *1 (S.D. W. Va. Mar. 31, 2015).

## III. DISCUSSION

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court held that, in order to state a claim for ineffective assistance of counsel, a defendant must "show that counsel's performance was deficient," and *also* show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. The Supreme Court also held that "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in [this particular] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 698.

In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court confirmed that "[i]n the context of pleas a defendant must show the outcome of the *plea process* would have been different with competent advice." *Id.* at 163 (emphasis added). Therefore, a defendant who pleaded guilty must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Importantly, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1299 (4th Cir. 1992). Further, In *United States v. LeMaster*, 403 F.3d 216, 221 (4th Cir. 2005), the Fourth Circuit held that, absent extraordinary circumstances, a district court is not required to conduct an evidentiary hearing concerning a challenge to a guilty plea where the defendant's allegations contradict the defendant's sworn statements made during a proper Rule 11 colloquy. *See id.* Rather, the district court may find that such allegations are "palpably incredible" and "patently frivolous and false." *Id.*

**A. Ineffective Assistance at Plea Hearing**

In Defendant's original § 2255 motion, he first argues that he is entitled to relief because he received ineffective assistance of counsel at his plea hearing. ECF No. 83, at 4. More specifically, Defendant claims that he received ineffective assistance of counsel because his attorney represented to him that as a result of a deal with the prosecutor the "career offender enhancement would not be sought after." *See id.* Defendant also claims that his attorney gave him the plea agreement only moments before the plea hearing, "without sufficient time to understand and digest [the] plea agreement." *Id.* Defendant claims that as a result of these facts he did not knowingly, willingly, or intelligently enter into the plea agreement. *See id.* The Court disagrees with Defendant and adopts the Magistrate Judge's findings as to this issue.

*1. Career Offender Enhancement Argument*

Regarding Defendant's first argument that he received ineffective assistance of counsel at the plea stage because his attorney stated that the "career offender enhancement would not be sought after," the Court finds that Defendant was not prejudiced by this statement, as required under *Strickland*. Even assuming Defendant's attorney was deceptive or misleading, and

Defendant interpreted his attorney's statement as pertaining to the sentencing guidelines enhancement, any prejudice was cured via the plea agreement and during the plea hearing.

First, Defendant's signed plea agreement stated that "the matter of sentencing is within the *sole* discretion of the Court," that the "United States has made no representations or promises as to a specific sentence," and that "no promises or inducements have been made to me other than those in this agreement …." ECF No. 43, at 5, 7 (emphasis added). These facts, which Defendant acknowledged, would necessarily eliminate any belief that the prosecution agreed to take the career offender provision "off the table," or any belief that such an agreement would be meaningful at sentencing. *Objections*, at 2.

Second, even if Defendant was somehow still under the impression that an ancillary agreement existed with the prosecution regarding his sentencing, Defendant's acknowledgments during his plea hearing must have cured that mistaken belief as well. Defendant confirmed in his plea colloquy that he understood "[at sentencing] the Court cannot be bound by any agreement reached by any parties in this matter," and that "the sentence [the Court] may impose could be different from any *estimate* [his] lawyer has given [him.]" *Transcript*, ECF No. 66, at 11, 31 (emphasis added). Therefore, because the signed agreement and statements Defendant made under oath completely contradicted his lawyer's alleged claim, and Defendant nonetheless chose to plead guilty, Defendant cannot prove there is any probability that, but for counsel's errors, he would not have pleaded guilty.

### 2. Timing Argument

Defendant also argues that he received ineffective assistance of counsel at the plea stage because his attorney gave him the plea agreement without sufficient time to understand the agreement. The Court again finds that—*assuming* counsel's performance was deficient—

Defendant did not suffer any prejudice. The Fourth Circuit previously addressed Defendant's argument "that he lacked sufficient time and knowledge to understand the plea agreement," and found this assertion to be "without merit." ECF No. 72, at 3. The Fourth Circuit reached this conclusion because it held that this Court "conducted a thorough plea colloquy, fully satisfying the requirements of Rule 11 and ensuring that [Defendant's] plea was knowing, voluntary, and supported by a sufficient factual basis." Thus, even if the Court accepts that Defendant's attorney gave him the plea agreement without sufficient time to understand it, this defective assistance did not cause any prejudice to Defendant as a result of the thorough plea colloquy.[1] As a result, Defendant cannot state a claim for ineffective assistance of counsel at the plea stage.

**B. Ineffective Assistance at Sentencing**

Next, Defendant argues in his original § 2255 motion that he is entitled to relief because he received ineffective assistance of counsel at his sentencing hearing. ECF No. 83, at 5. Defendant claims he received ineffective assistance at his sentencing because his counsel failed to argue that Defendant was addicted to heroin, and failed to argue that the government did not file an 851 information. *See id.* The Court finds that Defendant simply misunderstands the facts and the law, and therefore disagrees.

As state above, in *Strickland v. Washington*, the United States Supreme Court held that, in order to state a claim for ineffective assistance of counsel, a defendant must first show that counsel's performance was deficient. In this case, any argument that Defendant's attorney was deficient because he failed to argue that Defendant was addicted to heroin must be rejected, regardless of the *standard* deficiency, because such an assertion is simply untrue. First,

---

[1] The Court also notes that Defendant confirmed under oath at his plea hearing that he "had enough time to discuss [his] case with [his] lawyer," contradicting his claim that his counsel was deficient. *Transcript*, ECF No. 66, at 7.

Defendant's attorney addressed Defendant's addiction to heroin, and other drugs, numerous times in his sentencing memorandum,[2] and referred to Defendant's drug addiction during the sentencing hearing.[3] Second, Defendant's argument that his counsel was deficient because he did not object to the government's failure to file an "851 information" is based on Defendant confusing statutory and guideline enhancements. An information filed under 21 U.S.C. § 851 sets forth the procedure required to establish that the defendant has been convicted of a prior felony drug offense in order to create a *statutory* enhancement, not a *guideline* enhancement. *See* 21 U.S.C. § 851. Because the prosecution did not attempt to create a *statutory* enhancement, and because the prosecution does not need to file an information under 21 U.S.C. § 851 for a court to impose a career offender *guidelines* enhancement, any objection by Defendant's attorney would have been frivolous.

In his second motion to amend, Defendant also argues that he received ineffective assistance of counsel at sentencing because his attorney failed to argue that his "conspiracy to possess with intent to deliver a controlled substance" conviction from 2003 does not fit the definition of a controlled substance offense in U.S.S.G. 4B1.2. *See* ECF No. 105, at 1. Again, regardless of whether Defendant's counsel was deficient for failing to raise this argument, this failure did not prejudice Defendant. The Fourth Circuit has held that the West Virginia felony of conspiracy to possess with intent to deliver a controlled substance is considered a controlled substance offense under the United States Sentencing Guidelines. *See United States v. Stanback*, 726 F. App'x. 961, 962 (4th Cir. 2018) (holding that the defendant's "conviction in West Virginia for felony conspiracy to possess a controlled substance with intent to deliver" qualifies as a

---

[2] See ECF No. 49, at 6 (arguing that "Defendants life history is replete with references of drug use, specifically Prescription medications and Heroin," that Defendant "has been deterred in his drug use as evidenced by his sobriety, and he clearly has been rehabilitated from his substance abuse issues and also his life as an addict," and that Defendant "is a drug user who supported a habit that was developed when he was a child and the addiction that has become entrenched as his way of life over the past ten years.").

[3] See ECF No. 49, at 13 (explaining the effects of Defendant's "relapses.").

controlled substance offense under the career offender guidelines) (citing *United States v. Dozier*, 848 F.3d 180, 182–88 (4th Cir. 2017)). Therefore, because the above analysis demonstrates that Defendant's sentence would not have been any different regardless of his attorney's allegedly deficient arguments or objections, Defendant's claim of ineffective assistance of counsel at the sentencing stage must be rejected.

### C. *Johnson v. United States* Argument

Defendant does not object to the Magistrate Judge's findings and recommendation as to Defendant's claim that the Supreme Court's decision in *Johnson v. United States*[4] entitles him to relief. *See Objections*. Thus, the Court adopts this finding.[5]

## IV. CONCLUSION

Based upon the analysis provided above, the Court **DENIES** Defendant's objections, **ADOPTS** the proposed findings and recommendations of Magistrate Judge Tinsley, **DENIES** Defendant's motions (ECF Nos. 83, 86, 92, 105), and **DISMISSES** this action for the Court's docket

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: February 28, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[4] 135 S. Ct. 2551 (2015).

[5] The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).